THIS OPINION
IS A PRECEDENT
OF THE T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Lykos

Mailed:  March 12, 2009

Cancellation No. 92049636

IdeasOne, Inc.

v.

Nationwide Better Health, Inc.

Before Bucher, Kuhlke and Bergsman, Administrative Trademark Judges.

By the Board:

This case now comes before the Board for consideration of respondent's motion (filed October 2, 2008) to dismiss petitioner's amended petition for cancellation for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  The motion is contested.

By way of background, petitioner seeks partial cancellation through restriction of respondent's registration for the mark WELLCORP for "consulting services in the field of health" in International Class 41.[1]  On August 21, 2008, respondent, in lieu of filing an answer, moved to dismiss the petition for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Consistent with Fed.

---

[1] Registration No. 2549200, registered March 19, 2002, alleging November 30, 1993 as the date of first use anywhere and in commerce; Section 8 and 15 affidavits accepted and acknowledged.

1

R. Civ. P. 15(a), on September 4, 2008, petitioner filed an amended complaint asserting a revised claim under Section 18 of the Trademark Act.  In the amended complaint, petitioner pleaded ownership of several pending applications, including the following two applications which were refused registration during *ex parte* prosecution under Section 2(d) on the ground of likelihood of confusion of the applied-for marks with the mark in respondent's involved registration:

> Application Serial No. 77021645 for the mark WELLCORPS INTERNATIONAL and design for "cosmetics" in International Class 3 and "dietary supplements" in International Class 5;[2]

> Application Serial No. 78949124 for the mark WELLCORPS INTERNATIONAL for "dietary supplements" in International Class 5.[3]

Amended Petition to Cancel, Paragraph No. 1.  The amended pleading also alleges that respondent has never used its registered mark in connection with "dietary supplements sold to the general public," and that if respondent's registration is restricted to "consulting services in the field of health offered to employers not including the provisions [sic] of dietary supplements" it will obviate any likelihood of confusion with the marks in petitioner's pending applications identified above, prompting the

[2] Filed October 16, 2006, alleging a bona fide intent to use the mark in commerce.

2

examining attorney to withdraw such refusals.  Amended Petition to Cancel, Paragraph Nos. 6, 8, 10, and 11.

Thereafter, respondent moved to dismiss the amended petition to cancel for failure to state a sufficient claim under Section 18.

In order to withstand a motion to dismiss for failure to state a claim, a plaintiff need only allege such facts as would, if proved, establish that (1) the plaintiff has standing to maintain the proceeding, and (2) a valid ground exists for opposing or cancelling registration of the mark. The pleading must be examined in its entirety, construing the allegations therein liberally, as required by Fed. R. Civ. P. 8(f), to determine whether it contains any allegations which, if proved, would entitle plaintiff to the relief sought.  *See Lipton Industries, Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185 (CCPA 1982); *Kelly Services Inc. v. Greene's Temporaries Inc.,* 25 USPQ2d 1460 (TTAB 1992); and TBMP § 503.02 (2d ed. rev. 2004).

Section 18 of the Lanham Act gives the Board the equitable power to cancel registrations in whole or in part, "restrict the goods or services identified in an application or registration," or to "otherwise restrict or rectify . . . the registration of a registered mark."  15 U.S.C. Section

---

[3] Filed August 10, 2006, alleging a bona fide intent to use the mark in commerce.

1068; Trademark Rule 2.133(b); *see also* TBMP Section 309.03(d) (2d ed. rev. 2004) and cases cited therein. In *Eurostar Inc. v. "Euro-Star" Reitmoden GmbH & Co.*, 34 USPQ2d 1266, 1271 (TTAB 1994) ("*Eurostar*"), the Board set forth the elements for stating a proper claim for partial cancellation or restriction of a registration under Section 18. A petitioner must plead that the proposed restriction will avoid a likelihood of confusion and that respondent is not using the mark on the goods or services being deleted or "effectively excluded" from the registration. *Id.* For pleading purposes, a Section 18 claim or defense must be specific enough in nature so that the adverse party has fair notice of the restriction being sought. *Id. See also, ProQuest Information and Learning Co. v. Island*, 83 USPQ2d 1351, 1353-54 (TTAB 2007)(applicant had failed to state with precision how restriction of its own application would aid in avoidance of confusion), and *Penguin Books Ltd. v. Eberhard,* 48 USPQ2d 1280, 1286-87 (TTAB 1998)(applicant's counterclaim for partial cancellation found at final hearing insufficient to avoid confusion, and alternative restriction raised for first time during briefing rejected as untimely).

Based on a review of the amended pleading, we find that but for the fact that petitioner's proposed restriction does not comport with trademark examination practice and procedure, petitioner has pleaded facts which, if proven,

4

would establish the necessary elements for a Section 18 claim. Petitioner has satisfied the requirements set forth in *Eurostar* by pleading that the proposed restriction would serve to avoid any likelihood of confusion with respect to petitioner's applied-for marks for "dietary supplements," and that respondent has not used its registered mark on the "services" which would be excluded from the registration. However, petitioner's proposed restriction is deficient, because the sale of a good (i.e. the provision of dietary supplements) does not constitute a "service" within the meaning of Section 45 of the Trademark Act[4] and therefore is not encompassed in the recitation "consulting services in the field of health." Trademark Rule 2.71(a) provides that an amendment to the recitation of services must "clarify or limit, but not . . . broaden" the recitation of services. Petitioner, by its proposed restriction, effectively seeks to exclude goods (dietary supplements) that are not

_____

[4] On *ex parte* review, the following criteria are applied for determining whether an activity constitutes a service: (1) a service must be a real activity; (2) a service must be performed to the order of, or for the benefit of, someone other than the applicant; and (3) the activity performed must be qualitatively different from anything necessarily done in connection with the sale of the applicant's goods or the performance of another service. *In re Canadian Pacific Limited*, 754 F.2d 992, 224 USPQ 971 (Fed. Cir. 1985); *In re Betz Paperchem, Inc.*, 222 USPQ 89 (TTAB 1984); *In re Integrated Resources, Inc.*, 218 USPQ 829 (TTAB 1983); *In re Landmark Communications, Inc.*, 204 USPQ 692 (TTAB 1979). Because the sale of one's own product does not inure to the benefit of others, it does not constitute a service within the meaning of the Act. *C.f. In re Reichhold Chemicals, Inc.*, 167 USPQ 376 (TTAB 1970).

encompassed within the scope of a registration that only includes services.  As such, petitioner's allegation fails to comply with the rule regarding amendments to a recitation of services.   In this particular case, an example of an allegation of an acceptable proposed restriction would be "consulting services in the field of health offered to employers excluding *consulting services in the field of dietary supplements.*"[5]  This is because the suggested exclusionary language would be logically encompassed within the scope of the original recitation of services, and would provide sufficient notice to respondent for pleading purposes.

We further find misguided respondent's contention that petitioner's request for partial cancellation is frivolous and harassing under the parameters set forth in *Eurostar*. Respondent's reading of *Eurostar* is overly constrained and reflects a misunderstanding of the standards established in that case.  The underlying intent of *Eurostar* was to overrule prior case law that did not require a pleading of likelihood of confusion to state a proper claim for partial cancellation under Section 18.  As the Board stated, "we believe that, in a case involving likelihood of confusion, we should not exercise our authority under Section 18 to

---

[5]  Although we have given an example of a possible amendment, we clearly defer until trial a substantive decision about whether any particular language obviates a likelihood of confusion.

permit an action to restrict an application or registration where such a restriction is divorced from the question of likelihood of confusion." *Eurostar, supra,* at 1271. However, the Board recognized that an overbroad statement of an identification of goods or recitation of services, within the context of likelihood of confusion, constituted a valid basis for bringing a partial cancellation action under Section 18. Clearly, in this case, petitioner's proposed restriction to respondent's registration does have a bearing on the issue of likelihood of confusion with petitioner's pleaded applications, and therefore cannot be viewed as a frivolous or harassing legal maneuver.

Indeed, the Board has encouraged parties, such as the petitioner in this case, whose applications have been refused registration under Section 2(d) based on a broad identification of goods or recitation of services to seek a restriction of the cited registration under Section 18. *See In re N.A.D. Inc.*, 57 USPQ2d 1872, 1874 (TTAB 2000) ("While we are sympathetic to applicant's concern about the scope of protection being given to the cited registrations, applicant is not without remedies . . . Applicant may, of course, seek a consent from the owner of the cited registrations, or applicant may seek a restriction under Section 18 of the Trademark Act, 15 USC §1068."). Section 18 provides an avenue of relief for a party, for example, who faces a cited

registration with the no longer permitted identification of goods "computer programs," and believes that a restriction may serve to avoid a likelihood of confusion. Thus, in bringing the instant petition for partial cancellation, petitioner was acting in a manner entirely consistent with accepted Board practice.

The Board freely grants leave to amend pleadings found, upon challenge under Fed. R. Civ. P. 12(b)(6), to be insufficient. In this case, it appears that petitioner made a good faith effort to assert a proper claim under Section 18. In view thereof, petitioner is allowed until **twenty (20) days** from the mailing date of this order to file a second amended pleading which states a proper claim under Section 18, failing which the cancellation will be dismissed with prejudice. Respondent is allowed until **twenty (20) days** from the date of service thereof to file an answer to the second amended petition.

Proceedings herein are resumed and dates are reset as follows:

8

| | |
|---|---|
| Deadline for Discovery Conference | **4/29/09** |
| Discovery Opens | **4/29/09** |
| Initial Disclosures Due | **5/29/09** |
| Expert Disclosures Due | **9/26/09** |
| Discovery Closes | **10/26/09** |
| Plaintiff's Pretrial Disclosures | **12/10/09** |
| Plaintiff's 30-day Trial Period Ends | **1/24/10** |
| Defendant's Pretrial Disclosures | **2/8/10** |
| Defendant's 30-day Trial Period Ends | **3/25/10** |
| Plaintiff's Rebuttal Disclosures | **4/9/10** |
| Plaintiff's 15-day Rebuttal Period Ends | **5/9/10** |

In each instance, a transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).

An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.